**INTERSTATE FIRE & CASUALTY COMPANY, Appellee,**

v.

**The PACIFIC INDEMNITY COMPANY and Chubb & Son, Incorporated, Appellants.**

No. 83–1974.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1984.

Decided Oct. 3, 1985.

Kieron F. Quinn, Baltimore, Md., (Patrick K. Cameron, Ober, Kaler, Grimes & Shriver, Baltimore, Md., on brief) for appellant.

E. Dale Adkins, III, Baltimore, Md., (Ward B. Coe, Jr., Anderson, Coe & King, Baltimore, Md., on brief) for appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

This case is now before us a second time following the response of the Maryland Court of Appeals, 302 Md. 383, 488 A.2d 486, to the certified question we posed to it in our first opinion, *Interstate Fire & Casualty Co. v. Pacific Indemnity Co.*, 738 F.2d 638 (4th Cir.1984). The facts of this dispute between Pacific Indemnity Co. ("Pacific"), the primary carrier of medical malpractice insurance, and Interstate Fire & Casualty Co. ("Interstate"), the excess carrier, are adequately stated in our first opinion. The case first reached us when Pacific appealed the district court's order granting summary judgment to Interstate. Judge Harvey, sitting in diversity and applying Maryland law, held that Pacific's medical malpractice policy contained a separate $200,000 limit for the financial loss sustained by George M. Cross, Sr., as a result of the insured physician's alleged malpractice in the delivery of Cross's infant son, George, Jr., 568 F.Supp. 633.

According to Judge Harvey, the issue to be decided was the correct interpretation under Maryland law of Pacific's policy and, more particularly, the construction to be given the term "injury," as used in that policy. After concluding that the term was not ambiguous, the court declined to admit extrinsic evidence offered by Pacific to narrow the broad meaning of the term urged by Interstate.[1]

---

1. At trial below, Pacific had sought to introduce extrinsic evidence to demonstrate that the word "injury" in medical malpractice policies had consistently been interpreted within the insurance industry of the state of Maryland as being synonomous with "bodily injury." Judge Har-

When considering Pacific's appeal, we initially determined that the district court had correctly formulated the issue. We further determined that the dispute presented an appropriate opportunity to certify a question of Maryland law to the Maryland Court of Appeals pursuant to that state's certification statute.[2] Accordingly the following question was certified:

> Construing Pacific's policy under Maryland law, is Pacific liable to pay a separate $200,000 policy limit to Interstate for the claim of George M. Cross, Sr. for the financial injury sustained by him as a result of the insured's alleged malpractice?

In an opinion issued on February 25, 1985, *Pacific Indemnity v. Interstate Fire & Casualty*, 302 Md. 383, 488 A.2d 486 (1985), the Maryland Court of Appeals held that, because it found the term "injury" as used in Pacific's policy ambiguous, it could not determine the extent of Pacific's liability.[3] Despite its expressed inability to answer the specific question posed to it, we conclude that the response of the Maryland Court of Appeals, if not explicitly, then through clear implication, provides the guidance this Court sought through the certification process. This appeal, therefore, is now ripe for further disposition.

Given the opinion of the Maryland Court of Appeals, it is now clear that under Maryland law, Pacific insurance policy is facially ambiguous. The proper resolution of this dispute requires the trial court to admit available extrinsic evidence "to show the parties' intent and to show whether the term does or does not have a particular trade usage." *St. Paul Fire & Marine*

*Insurance Co. v. Pryseski*, 292 Md. 187, 198, 438 A.2d 282, 288 (1978).

We, therefore, vacate the decision below granting summary judgment to Interstate and remand this case to the district court. We instruct the court to utilize the guidance provided by the Maryland Court of Appeals and to give consideration to such relevant extrinsic evidence that either Pacific or Interstate may offer in order to clarify the language of the policy in dispute.

VACATED AND REMANDED.

vey declined to admit the evidence, concluding that "injury" was not a facially ambiguous term. Furthermore, Judge Harvey stated that no cited case law supported a conclusion that a term "clearly broader than the more limited words 'bodily injury' or 'personal injury'" should be interpreted in the restrictive manner suggested by Pacific.

**2.** Md.Cts. & Jud.Proc.Code Ann. §§ 12–601 *et seq.* (1984 Replacement Vol.).

**3.** The Maryland Court of Appeals conducted a new and exhaustive examination of the term "injury" as used in the policy. The court concluded that the document was drafted in a circular fashion with no adequate internal definition of its key terms. The court further stated that "using the standard of a reasonable layperson each party advances a reasonable interpretation" of the term "injury," and that the conflicting definitions offered by both Pacific and Interstate could each be made to conform to the overall policy language.